MICHELE BECKWITH
Acting United States Attorney
R. ALEX CARDENAS
ADRIAN T. KINSELLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**

Mar 13, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LEO ALPHONZO ALONSO-MEDINA, <br><br> Defendant. | CASE NO. 2:25-cr-0061 DJC <br><br> 21 U.S.C. § 841(a)(1) – Distribution of Cocaine; 21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine; 18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing in Firearms; 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm (two counts); 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

I N D I C T M E N T

COUNT ONE: [21 U.S.C. § 841(a)(1) –Distribution of Cocaine]

The Grand Jury charges: T H A T

LEO ALPHONZO ALONSO-MEDINA,

defendant herein, on or about July 16, 2024, in the County of Solano, State and Eastern District of California, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT TWO: [21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine]

The Grand Jury further charges: T H A T

LEO ALPHONZO ALONSO-MEDINA,

defendant herein, on or about August 27, 2024, in the County of Solano, State and Eastern District of

INDICTMENT

1

California, did knowingly and intentionally distribute at least 50 grams of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT THREE:  [18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing in Firearms]

The Grand Jury further charges: T H A T

LEO ALPHONZO ALONSO-MEDINA,

defendant herein, beginning on or about August 7, 2024, and continuing through on or about August 19, 2024, in the County of Solano, State and Eastern District of California, not being a licensed dealer of firearms, as described in Title 18, United States Code, Section 923, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

COUNT FOUR:  [18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm]

The Grand Jury further charges: T H A T

LEO ALPHONZO ALONSO-MEDINA,

defendant herein, on or about August 7, 2024, in the County of Solano, State and Eastern District of California, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

(1) Unlawful Possession of Assault Weapon, in violation of California Penal Code Section 30605(A), on or about November 14, 2016, in Solano County, California; and

(2) Felon/Addict in Possession of a Firearm, in violation of California Penal Code Section 29800(A)(1), on or about April 5, 2023, in Sonoma County, California,

did knowingly possess a firearm, specifically, a black Smith and Wesson .45 caliber handgun with serial number HUK3752, in and affecting commerce, in that said firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT FIVE:  [18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm]

The Grand Jury further charges: T H A T

LEO ALPHONZO ALONSO-MEDINA,

defendant herein, on or about August 19, 2024, in the County of Solano, State and Eastern District of California, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

(1) Unlawful Possession of Assault Weapon, in violation of California Penal Code Section

INDICTMENT

2

30605(A), on or about November 14, 2016, in Solano County, California; and

(2) Felon/Addict in Possession of a Firearm, in violation of California Penal Code Section 29800(A)(1), on or about April 5, 2023, in Sonoma County, California,

did knowingly possess a firearm, specifically a Saiga 7.62X39 AK-47 style rifle with an obliterated serial number, in and affecting commerce, in that said firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

FORFEITURE ALLEGATION: [21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1.    Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, defendant LEO ALPHONZO ALONSO-MEDINA shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

a.    Any real or personal property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offenses.

b.    A sum of money equal to the total amount of proceeds obtained as a result of the offenses, for which defendant is convicted.

2.    Upon conviction of one or more of the offenses alleged in Counts Three through Five of this Indictment, defendant LEO ALPHONZO ALONSO-MEDINA shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing or willful commission of the offenses.

3.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Five of this Indictment, for which defendant is convicted:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

INDICTMENT

3

difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

MICHELE BECKWITH
Acting United States Attorney

INDICTMENT

4

*No.* 2:25-cr-0061 DJC

---

## UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

### THE UNITED STATES OF AMERICA
*vs.*

LEO ALPHONZO ALONSO-MEDINA

---

### I N D I C T M E N T

**VIOLATION(S):** 21 U.S.C. § 841(a)(1) – Distribution or Manufacture of Cocaine;
21 U.S.C. § 841(a)(1) – Distribution or Manufacture of Methamphetamine;
18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing in Firearms;
18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm (two counts);
21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

---

*A true bill,*        **/s/ Signature on file w/AUSA**

_____
*Foreman.*

*Filed in open court this* __13th_____ *day*

*of* __March_____ *, A.D. 20* 25____

                /s/ R. Alvarez
_____
*Clerk.*

---

*Bail, $* _No Process Needed__

GPO 863 525

**United States v. Alonso-Medina**
**Penalties for Indictment**

Defendant
**Leo Alphonzo Alonso-Medina**

## COUNT 1

VIOLATION:                    21 U.S.C. § 841(a)(1) – Distribute a mixture or substance which contains cocaine

PENALTIES:                    Not more than 20 years in prison; or
Fine of up to $1,000,000; or both fine and imprisonment
Supervised release of at least 3 years

SPECIAL ASSESSMENT:   $100 (mandatory)

## COUNT 2

VIOLATION:                    21 U.S.C. § 841(a)(1) – Distribute 50 grams or more of methamphetamine (actual)

PENALTIES:                    Mandatory minimum of 10 years in prison and up to life in prison; or
Fine of up to $10,000,000; or both fine and imprisonment
Supervised release of at least 5 years and up to life

SPECIAL ASSESSMENT:   $100 (mandatory)

## COUNT 3

VIOLATION:                    18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing and Manufacturing Firearms

PENALTIES:                    Imprisonment of up to 5 years; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT:   $100 (mandatory)

## COUNT 4

VIOLATION:                    18 U.S.C. § 922(g)(1) – Felon in possession of firearm

PENALTIES:                    Maximum of 15 years in prison,
Fine of up to $250,000; or both fine and imprisonment
Up to a three-year term of supervised release

SPECIAL ASSESSMENT:    $100 (mandatory)

## COUNT 5

VIOLATION:             18 U.S.C. § 922(g)(1) – Felon in possession of firearm

PENALTIES:             Maximum of 15 years in prison,
                       Fine of up to $250,000; or both fine and imprisonment
                       Up to a three-year term of supervised release

SPECIAL ASSESSMENT:    $100 (mandatory)

## FORFEITURE ALLEGATION

VIOLATION:             21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) –
                       Criminal Forfeiture

PENALTIES:             As stated in the charging document